NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Jose Gonzales,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan,<br><br>　　　　　　　　Respondent. | No. CV-13-00944-PHX-SRB<br><br>**ORDER** |

　　　　Petitioner was convicted of 15 felony counts after a jury trial on May 1, 1998. He was sentenced on June 29, 1998 and took a timely direct appeal. The Arizona Court of Appeals affirmed his convictions and sentencing on June 8, 1999. Petitioner did not petition for review by the Arizona Supreme Court. Petitioner's next state court filing was on June 26, 2008 when he initiated his first state Petition for Post-Conviction Relief. He filed a number of petitions in state court, the last of which was denied by the Arizona Court of Appeals on March 15, 2012. The Arizona Supreme Court summarily denied review on May 23, 2013. On May 6, 2013, Petitioner filed his federal Petition for Writ of Habeas Corpus. The Government filed a Limited Answer requesting that the petition be denied and dismissed with prejudice because it was barred by the statute of limitations. Thereafter, Petitioner filed a Traverse arguing that the statute of limitations should be equitably tolled because he had demonstrated extraordinary circumstances.

On September 18, 2013, the Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied because Petitioner did not file his federal habeas petition within one-year of the date his state convictions became final and because Petitioner had not established that he was entitled to equitable tolling. Petitioner timely filed objections again arguing that the one-year statute of limitations does not apply to him because of extraordinary circumstances.

Petitioner does not dispute that he failed to file his Petition for Writ of Habeas Corpus within one-year of the date on which his judgment of conviction became final by conclusion of direct review or the expiration of the time for seeking such review as required by 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge explained in his Report and Recommendation why Petitioner had failed to state an adequate basis for equitable tolling of the one-year statute of limitations noting that his pro se status, ignorance of the law, and lack of legal representation during the limitations period did not constitute circumstances justifying equitable tolling because these circumstances are not extraordinary. (Doc. 14, Report and Recommendation ("R&R") at 10). The Magistrate Judge further explained that Petitioner failed to show his entitlement to equitable tolling by showing actual innocence of the crimes of conviction.

In his objections Petitioner argues that the ineffective assistance of his trial counsel, both pretrial and during trial, somehow amounts to extraordinary circumstances excusing his failure to file his Petition for Writ of Habeas Corpus within one-year of the date his conviction became final in 1999. He also complains about his court-appointed appellate counsel and his court-appointed counsel on his state Petition for Post-Conviction Relief but fails to explain how appellate counsel's alleged ineffective representation through the date his conviction became final in 1999 prevented him from timely filing his federal petition. By the time his post-conviction relief counsel was appointed to represent him in 2008, the statute of limitations had long since expired.

Petitioner's first state court Petition for Post-Conviction Relief was filed on June 23, 2008, almost nine years after his convictions and sentences became final and almost

1 eight years after the statute of limitations to file a federal habeas petition had expired.
2 Petitioner's objections do not address or make any claim or showing of actual innocence.
3       IT IS ORDERED overruling Petitioner's Objection to the Report and
4 Recommendation of the Magistrate Judge on Habeas Corpus Proceedings. (Doc. 15)
5       IT IS FURTHER ORDERED adopting the Report and Recommendation of the
6 Magistrate Judge as the Order of this Court. (Doc. 14)
7       IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus.
8 (Doc. 1)
9       IT IS FURTHER ORDERED denying a Certificate of Appealability. The Court
10 finds Petitioner has not made a substantial showing of the denial of a constitutional right
11 or that jurist of reason would find the procedural ruling debatable.
12       IT IS FURTHER ORDERED directing the Clerk to enter judgment denying the
13 Petition for Writ of Habeas Corpus and dismissing the Petition with prejudice.

15       Dated this 29th day of October, 2013.

_____
Susan R. Bolton
United States District Judge